UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No.: 19-30787 (AMN) |
| ULISH BOOKER JR.<br>*Debtor* | :<br>:<br>: | Chapter 13 |
| ULISH BOOKER JR.<br>*Objecting Party* | :<br>:<br>: | |
| v. | : | |
| U.S. BANK NATIONAL ASSOCIATION<br>AS LEGAL TITLE TRUSTEE FOR<br>TRUMAN 2016 SC6 TITLE TRUST<br>*Claimant* | :<br>:<br>:<br>:<br>: | RE: ECF No. 65 |

**MEMORANDUM OF DECISION AND ORDER**
**OVERRULING OBJECTION TO PROOF OF CLAIM NO. 1-1**

APPEARANCES

*For the Objecting Party:*

*Ulish Booker, Jr., Pro Se Litigant*
*9 Sanford Street*
*West Haven, CT 06516*

*Ulish Booker, III, Pro Se Litigant*
*9 Sanford Street*
*West Haven, CT 06516*

*For the Claimant:*

*Sara M. Buchanan, Esq.*
*Bendett & McHugh, P.C.*
*270 Farmington Avenue, Suite 171*
*Farmington, CT 06032*

**INTRODUCTION**

Ulish Booker, Jr. asks the bankruptcy court to reconsider matters of fact and law that were – or could have been – presented to a state court at the time it entered a pre-bankruptcy foreclosure judgment against him.  For the reasons to follow, the bankruptcy

1

court is unable to do so and must defer to the state court's judgment insofar as it determined the standing of the claimant (the bank) to enforce the note and mortgage, the amount of the debt owed, and, the value of the property securing the debt.

Before the court is Mr. Booker, Jr.'s ("Debtor") objection (the "Objection") to proof of claim no. 1-1 (the "Proof of Claim") filed by U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank").  ECF No. 65.[1]  After an evidentiary hearing, I conclude U.S. Bank met its burden to establish that the state court entered a final, non-appealable order determining the standing of U.S. Bank, the amount of its debt and the value of the Property, all as of the date of the judgment.  I also conclude that Mr. Booker, Jr. did not produce evidence at least equal in probative force to evidence offered by U.S. Bank, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  My reasoning is explained in more detail below.

**I.     JURISDICTION**

The United States District Court for the District of Connecticut has jurisdiction over this case by virtue of 28 U.S.C. § 1334(b).  This court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1), and the District Court's General Order of Reference dated September 21, 1984.  This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).  This Memorandum of Decision sets forth the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, applicable in this

---

[1]     "ECF No." is an acronym for "electronic case filing" and refers to the document number corresponding to a document filed in this case.  I find that U.S. Bank is a party in interest with standing to assert a claim against the Debtor.

proceeding pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.

## II. PROCEDURAL HISTORY

On May 14, 2019 (the "Petition Date"), Ulish Booker, Jr. filed a Chapter 13 bankruptcy petition.[2] ECF No. 1. On July 18, 2019, U.S. Bank filed the Proof of Claim, asserting a secured claim in the amount of $591,534.11 pursuant to a note and mortgage encumbering the Debtor's principal residence located at 9 Sanford Street, West Haven, Connecticut ("Property"). Proof of Claim No. 1-1. Attached to the Proof of Claim are copies of the note, the mortgage, and a payment history, among other documents. The court has taken judicial notice of the pendency of a civil foreclosure action (the "Foreclosure Case") by U.S. Bank against Mr. Booker, Jr. in which a foreclosure judgment entered in February 2019, discussed in more detail later in this Memorandum of Decision.[3]

On August 16, 2019, the Debtor filed the instant Objection,[4] and U.S. Bank filed a response on September 16, 2019. ECF Nos. 65, 73. On September 27, 2019, U.S. Bank filed a motion for relief from stay ("Stay Relief Motion"), seeking an order granting relief

---

[2] The Debtor's case was initially dismissed on May 14, 2019, because the bankruptcy petition was unsigned. *See*, ECF No. 5. Once an amended, signed petition was filed, the dismissal was set aside, and the case was reinstated. *See*, ECF Nos. 19, 28.

[3] The court takes judicial notice pursuant to F.R.E. 201 of the Foreclosure Case docketed at NNH-CV-17-6069965-S. The docket is available for public review at the following web address: http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNHCV176069965S

[4] The Debtor's Objection consists of 225 pages, of which 206 pages are, among other things, copies of loan documents, excerpts from manuals, a copy of a "property securitization analysis report," documents relating to a Delaware bankruptcy case, Foreclosure Case documents, excerpts from documents from the internet, and a newspaper article. The first fourteen pages of the Objection are almost identical to a complaint filed in Adversary Proceeding No. 19-3023 against U.S. Bank and others on November 18, 2019, the date of the evidentiary hearing on the Debtor's Objection.

from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)[5] and permitting it to enforce its foreclosure judgment entered against the Property prior to the Petition Date. ECF No. 83. At issue in both the Objection and the Stay Relief Motion is the question of U.S. Bank's standing as a holder of a note secured by a mortgage against the Property.

On November 18, 2019, the court held an evidentiary hearing[6] on the Debtor's Objection, and both sides presented evidence.[7]

### III. BURDENS OF PROOF AND APPLICABLE LAW

**1. Objection to the Proof of Claim**

A properly-filed proof of claim is *prima facie* evidence of the claim's validity and amount. Fed.R.Bankr.P. 3001(f). The term *prima facie* means, "[a]t first sight; on first

---

[5] Unless otherwise specified, statutory references are to the Bankruptcy Code, found at Title 11, United States Code.

[6] The court notes without comment that Ulish Booker, III, was granted permission to participate in the hearing and testified in support of the Objection.

[7] The following exhibits introduced by U.S. Bank were admitted into evidence over objection: (1) Creditor's Exhibit No. 501, a certified copy of a notice of judgment of strict foreclosure entered in the Superior Court of Connecticut, dated February 4, 2019; (2) Creditor's Exhibit No. 502, the original and a copy of the Note securing the mortgage on the Property, dated March 30, 2006, and signed by the Debtor and Linda Booker; (3) Creditor's Exhibit 503, a copy of an open-end mortgage deed signed by the Debtor and Linda Booker, and recorded on the West Haven Land Records on November 15, 2019; (4) Creditor's Exhibit 504, a fourteen (14) page exhibit consisting of copies of assignments of mortgage. The original of Creditor's Exhibit No. 502 (the note) was returned to counsel for U.S. Bank after examination of the original document by the Debtor and Mr. Booker, III. A copy of Creditor's Exhibit No. 502 was used during the evidentiary hearing and remains with the Courtroom Deputy. U.S. Bank offered no testimony.
The following exhibits introduced by the Debtor were admitted into evidence: (1) Debtor's Exhibit No. 101, an excerpted copy of a mortgage document; (2) Debtor's Exhibit No. 103, an affidavit of John O'Brien, Register of Deeds, Southern Essex District; (3) Debtor's Exhibit No. 105, a copy of a partial memorandum of decision entered in *In re New Century Trs. Holdings, Inc.*, No. 07-10416 (KJC) (D. Del.), admitted for the purpose of establishing the filing date in that bankruptcy case; (4) Debtor's Exhibit No. 106 (admitted in part), including, among other things, a copy of Conn. Gen. Stat. § 8-265dd, a copy of an affidavit of compliance with the Emergency Mortgage Assistance Program ("EMAP") in the Debtor's case, copies of letters indicating a default under the terms of the Debtor's mortgage, information pertaining to the EMAP, and a copy of a foreclosure mediator's report; (5) Debtor's Exhibit No. 108, a copy of Conn. Gen. Stat. § 53a-139 (relating to forgery); (6) Debtor's Exhibit No. 109, copies of Fed.R.Bankr.P. 9024, 11 U.S.C. § 524, and 11 U.S.C. § 727; and (7) Debtor's Exhibit No. 110, a copy of an article obtained from the website of the Law Offices of Michelle Labayen. Mr. Booker, III, testified in support of the Debtor's position.

appearance but subject to further evidence or information." *Prima facie*, Black's Law Dictionary (11th ed. 2019). Upon the filing of a proof of claim and in the absence of an objection, a claim is deemed allowed. 11 U.S.C. § 502(a).

To prevail on an objection to a proof of claim, the objecting party must "produce evidence at least equal in probative force" to evidence offered by the claimant, which, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Hampton Ventures, LLC*, 599 B.R. 474, 488 (Bankr. D. Conn. 2019) (quoting *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008)). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." *Hampton Ventures*, 599 B.R. at 488 (quoting *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003)).

### 2. Standing to Enforce a Note and a Mortgage

Standing "is the legal right to set judicial machinery in motion." *Equity One, Inc. v. Shivers*, 310 Conn. 119, 125 (Conn. 2013). State law controls the determination of property rights in a bankruptcy case and therefore governs a party's standing to enforce an instrument. *In re Idicula*, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (citing *Butner v. U.S.*, 440 U.S. 48, 54 (1979)). The Uniform Commercial Code confers standing to enforce a promissory note on the "holder" or someone with the rights of a holder. Conn. Gen. Stat. § 42a-3-301. Pursuant to Conn. Gen. Stat. § 42a-1-201(b)(21)(A), the entity in possession of the promissory note is the "holder" where the instrument is made payable to the bearer; however, an instrument endorsed in blank "becomes payable to bearer and

5

may be negotiated by transfer of possession of alone." Conn. Gen. Stat. § 42a-3-205(b); *see*, *Equity One*, 310 Conn. at 126. Consistent with long-standing common law principles, a mortgage follows the note, and accordingly, the holder of a note may foreclose on real property whether the mortgage is assigned to the holder or not. Conn. Gen. Stat. § 49-17; *see*, *Equity One*, 310 Conn. at 127 (citing *Chase Home Finance, LLC v. Fequiere*, 119 Conn.App. 570, 576 (Conn. App. 2010)).

### 3. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine was recognized by the United States Supreme Court in a pair of cases from which it takes its name and has since been reaffirmed on several occasions. *See*, *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-87 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Fundamentally, the *Rooker-Feldman* doctrine provides that a federal court lacks subject-matter jurisdiction to review the merits of final state court judgments. *Exxon Mobil*, 544 U.S. at 283–84.

As the United States Court of Appeals for the Second Circuit has explained, the *Rooker-Feldman* doctrine bars a court from granting relief to a party if the following four requirements are met:

1. A party lost in state court;
2. The party complains of injuries caused by the state court judgment;
3. The party invites federal court review of that judgment; and
4. The state court judgment was entered before the party's federal suit commenced.

*McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). The *Rooker-Feldman* requirements are indisputably met where "the federal claim would succeed only if the state court

6

wrongly decided the issue." *Barnett v. Conn. Light & Power Co.*, 900 F. Supp. 2d 224, 241 (D. Conn. 2012).

### 4. *Res Judicata* or Claim Preclusion

*Res judicata,* "also known as claim preclusion, is the Latin term for "a matter [already] judged" and refers to either of two concepts: . . . [1] a case in which there has been a final judgment and is no longer subject to appeal; and [2] the legal doctrine meant to bar (or preclude) continued litigation of a case on same issues between the same parties." *Res judicata*, https://en.wikipedia.org/wiki/Res_judicata (last visited Jan. 30, 2020). In essence, the doctrine of *res judicata,* "holds that 'a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action,'" and prevents a party from re-litigating a cause of action that has already been decided by a court of competent jurisdiction. *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019); *see, Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). Under Connecticut law, a claim is precluded under *res judicata* where the litigant "had an *adequate opportunity* to litigate the matter in the earlier proceeding." *Joe's Pizza, Inc. v. Aetna Life and Cas. Co.*, 236 Conn. 863, 872 (Conn. 1996)(emphasis retained).

### IV. FINDINGS OF FACT

On March 30, 2006, the Debtor and Linda Booker executed a note (the "Note") that obligated the Debtor and Linda Booker to repay a loan of $231,920.00 to New Century Mortgage Corporation and granted a mortgage (the "Mortgage") against the Property to secure the promise. Creditor's Exhibit Nos. 502, 503. On April 6, 2006, the Mortgage was recorded on the City of West Haven Land Records. Creditor's Exhibit No. 503. The

7

Note was later endorsed in blank on the reverse side of the final page, and the Mortgage was ultimately assigned to U.S. Bank.  Creditor's Exhibit Nos. 502, 504.

On April 25, 2017, U.S. Bank commenced the Foreclosure Case against the Debtor and Linda Booker in the Superior Court of Connecticut of the Judicial District of New Haven at New Haven.  Foreclosure Case, Docket Entry No. 100.30.  On January 7, 2019, the state court granted U.S. Bank's motion for summary judgement and, on February 4, 2019, entered a judgment of strict foreclosure over the Debtor's objection.[8]  Creditor's Exhibit No. 501; Foreclosure Case, Docket Entry Nos. 121.00, 122.00, 134.00.  The judgment of strict foreclosure determined U.S. Bank had standing to enforce the Note, valued the Property at $225,000.00, determined the indebtedness of the Debtor and Linda Booker to U.S. Bank (including fees) to be $581,983.74, and set the first law day for April 22, 2019.  Creditor's Exhibit No. 501; Foreclosure Case, Docket Entry No. 134.00.  On April 22, 2019, the state court granted the Debtor's motion to extend the law day to May 20, 2019.  Foreclosure Case, Docket Entry No. 145.00.  Before the law day could occur, the Debtor commenced this case and invoked the automatic stay.  *See*, 11 U.S.C. § 362(a).  On May 28, 2019, U.S. Bank filed a motion for deficiency judgment against Linda Booker only, and on June 5, 2019, the Debtor filed an affidavit of bankruptcy.  Foreclosure Case, Docket Entry Nos. 147.00, 151.00.

**V.    DISCUSSION**

The Debtor objected to U.S. Bank's Proof of Claim based on the following allegations and legal theories:

1. A lack of contract with U.S. Bank,

---

[8]    In the interim, the Debtor's motion for reconsideration of the order granting the motion for summary judgment was denied.  Foreclosure Case, Docket Entry Nos. 125.00, 125.01.

8

    2. The securitization of the Mortgage,
    3. The fact that the Note and Mortgage were not transferred together,
    4. The existence of a second deed of trust without a first deed of trust,
    5. The corruption of the assignments,
    6. ROBO-signing,
    7. The fraudulent assignment of the Mortgage from New Century Mortgage Corporation on the date of its bankruptcy filing,
    8. EMAP notice deficiencies,
    9. Forgery,
    10. The Debtor's prior bankruptcy discharge under Chapter 7 of the Bankruptcy Code,
    11. The validity of the assignments,
    12. The lack of proof of money loans,
    13. A breach of the pooling and services agreement, and
    14. Missing allonges.

*See*, ECF No. 113, 00:02:00–00:17:25, 00:21:51–00:22:49, 00:23:28–00:32:03;[9] *see also*, ECF No. 65. The court understands from these allegations that the Debtor is primarily challenging U.S. Bank's standing to foreclose on the Property based in large part on what Mr. Booker, Jr. believes are irregularities in the handling of the loan and mortgage documents. *See also*, Foreclosure Case, Docket Entry No. 120.00 p.2 (wherein the Debtor objected to U.S. Bank's motion for summary judgment on the basis that, "the original plaintiff lacked standing to bring or maintain this foreclosure action"). Mr. Booker, Jr. also asserted as part of the documents submitted as exhibits, including Debtor's Exhibit No. 110, that allegations of fraud may defeat the doctrines of *Rooker-Feldman* and *res judicata.*

    U.S. Bank responded that the Debtor's Objection and its Stay Relief Motion are both governed by the *Rooker-Feldman* doctrine and that the bankruptcy court is without jurisdiction to review the decision made by the state court. In support of its argument,

---

[9]     Audio recordings of hearings before the bankruptcy court are published to the docket as MP3 file attachments. The audio file is referenced using the format of HOURS:MINUTES:SECONDS.

9

U.S. Bank introduced a certified copy of the judgment of strict foreclosure that entered in the Foreclosure Case on February 4, 2019. *See*, Creditor's Ex. No. 501. Review of the Foreclosure Case docket reflects no appeal from the judgment was filed within the twenty (20) day appeal period that applies to state court judgments. *See*, Practice Book § 63-1.

Applying the four-part test to determine if the *Rooker-Feldman* doctrine prevents this court's review of the foreclosure judgment, it appears all four requirements are met. First, the state court entered a judgment of strict foreclosure against the Debtor on February 4, 2019, which established U.S. Bank's standing to enforce the note and mortgage, set the debt and Property value, and established the first law day. A judgment of strict foreclosure is a final judgment, subject to an appeal filed within twenty (20) days. *Willow Funding Co. v. Grencom Assoc.*, 63 Conn. App. 832, 836–37 (Conn. App. 2001) (citing *Benvenuto v. Mahajan*, 245 Conn. 495, 501 (Conn. 1998)); Practice Book § 63-1. The Debtor's opportunity to appeal the judgment expired on February 25, 2019.

Second, the Debtor claims to be injured by the purportedly wrongful foreclosure judgment. Third, the Debtor asks the bankruptcy court to review the foreclosure judgment and reassess U.S. Bank's standing to foreclose on the Property. Fourth, the date of the state court's foreclosure judgment, February 4, 2019, precedes the Petition Date of May 14, 2019.

Finally, in addition to the fact that the Debtor's Objection to the Proof of Claim could "succeed only if the state court wrongly decided the issue," *see*, *Barnett*, 900 F. Supp. 2d at 241, the Second Circuit Court of Appeals has held that arguments pertaining to fraud perpetrated during a state court foreclosure action – such as some of the arguments alleged here – are barred by *Rooker-Feldman*. *See*, *Vossbrinck v. Accredited Home*

10

*Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (*per curiam*) ("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [that] claim."). Thus, under the rationale of *Vossbrinck* (which this court must follow), the Debtor's argument that *Rooker-Feldman* does not apply because he alleged the judgment was obtained by fraud must fail. The Debtor's reliance on cases involving fraud cited in his various exhibits to his Objection and in the exhibits admitted into evidence is misplaced, and the controlling law in this Circuit is set forth in the *Vossbrinck* decision. Based on this analysis, I conclude the bankruptcy court lacks jurisdiction to review the state court's decision in the Foreclosure Case and therefore must accept the judgment.

Even if the *Rooker-Feldman* doctrine did not bar review of the Debtor's claims, the doctrine of *res judicata* compels the same result. The Debtor raised arguments that were raised or could have been raised before the state court in the foreclosure action. *See*, Foreclosure Case, Docket Entry Nos. 120.00, 123.00, 133.00, 136.00. After considering the Debtor's assertions, the state court granted U.S. Bank's motion for summary judgment, denied the Debtor's motions for reconsideration, and entered a judgment of foreclosure. *See*, Foreclosure Case, Docket Entry Nos. 121.00, 122.00, 125.10, 133.10, 136.10. The Debtor did not appeal the state court's findings. Because the state court's foreclosure order was a final judgment on the merits of the Debtor's claims and the merit of U.S. Bank's standing, *see, Willow Funding*, 63 Conn. App. at 836–37, this court is precluded from reviewing or considering the same claims under the doctrine of *res judicata*. For this additional reason, U.S. Bank's claim is allowed, and the Objection is overruled.

## VI. CONCLUSION

Based on the record before the court, I find that U.S. Bank has met its burden of proof and established the validity of its claim by a preponderance of the evidence and as a matter of law. Even applying the liberal standards applicable to *pro se* litigants, the Debtor has not produced evidence or a viable legal argument to refute the claim's legal sufficiency, and the court is compelled to overrule his Objection.

I have considered all other arguments raised by the Debtor and find them to be unpersuasive and unsupported by the record.

## VII. FINAL ORDER SUBJECT TO APPEAL

This is a final order subject to rights of appeal. The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. *See*, Fed.R.Bankr.P. 8002(a)(1).

## VIII. MOTION FOR RELIEF FROM STAY

Pursuant to the Scheduling Order entered as ECF No. 93, the court intended to reserve decision on the pending Stay Relief Motion until a determination of U.S. Bank's standing was made in the proceeding to consider the Objection to the Proof of Claim. In this Memorandum of Decision, I conclude that U.S. Bank has standing to pursue the Stay Relief Motion, for the same reasons that I conclude U.S. Bank has standing to assert the Proof of Claim. I further conclude that based on the February 4, 2019 foreclosure judgment in the Foreclosure Case, there is no equity in the real property. *See*, 11 U.S.C. § 362(d)(2). The court will provide Mr. Booker, Jr. with an opportunity to respond to the balance of the Stay Relief Motion.

**NOW THEREFORE**, it is hereby

**ORDERED:** That, the Debtor's Objection to Proof of Claim No. 1-1, ECF No. 65, is **OVERRULED** and Proof of Claim No. 1-1 is **ALLOWED**; and it is further

**ORDERED:** That, should Mr. Booker, Jr. seek to oppose U.S. Bank's Stay Relief Motion, ECF No. 83, any written objection shall be filed on or before February 13, 2020.

Dated on January 30, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut