UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE:<br><br>ULISH BOOKER JR.<br>*Debtor* | Case No.: 19-30787 (AMN)<br><br>Chapter 13<br><br>RE: ECF Nos. 65, 83, 120, 128, 129 |

# MEMORANDUM OF DECISION AND ORDER
# DENYING MOTION FOR RECONSIDERATION AND
# OVERRULING OBJECTION TO MOTION FOR RELIEF FROM STAY

Before the court is ECF No. 128, an objection filed by *pro se* debtor, Ulish Booker, Jr. ("Mr. Booker") to both the court's Memorandum of Decision and Order Overruling Objection to Proof of Claim 1-1 ("Decision"), ECF No. 120, and a motion for relief from stay ("Stay Relief Motion") filed by U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"), ECF No. 83.  Although Mr. Booker styles his filing as an "objection" to the court's Decision, the court understands Mr. Booker to be moving for reconsideration of the Decision ("Motion for Reconsideration").  *See*, ECF No. 128, p.1 (citing Fed.R.Bankr.P. 9024).  For the reasons that follow, the Motion for Reconsideration is denied, Mr. Booker's objection ("Objection") to the Stay Relief Motion is overruled, and the court will defer decision on the Stay Relief Motion pending Mr. Booker's filing of a Chapter 13 plan.[1]

---

[1] Ulish Booker, III filed an almost identical document as ECF No. 129.  Because Mr. Booker, III's filing does not assert a separate basis to either grant reconsideration or sustain the objection to the Stay Relief Motion, this Memorandum of Decision and Order resolves ECF No. 129 as well as ECF No. 128.

1

### I.     Motion for Reconsideration

Fed.R.Civ.P. 60 is made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024, the rule cited by Mr. Booker.  *See*, Fed.R.Bankr.P. 9024.  Rule 60 allows a party to seek correction of clerical mistakes, oversights, or omissions, *see*, Fed.R.Civ.P. 60(a), or obtain relief from a final judgment, order, or proceeding.  *See*, Fed.R.Civ.P. 60(b).  "The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court."  *In re Richmond*, 516 B.R. 229, 234 (Bankr. E.D.N.Y. 2014) (internal citation omitted).

Mr. Booker does not specify whether he is seeking relief under Rule 60(a) or (b); instead, Mr. Booker states only, "I do not accept any tacit, assumed or presumed agreements of contracts.  All contracts will have my expressed written consent."  ECF No. 128.  The court cannot infer from this statement any alleged clerical mistakes or omissions and, accordingly, does not find Mr. Booker seeks relief under Rule 60(a).  If Mr. Booker intended to seek relief under Rule 60(a), that relief is denied.

If Mr. Booker is claiming relief under Rule 60(b), he has not articulated that he meets any of the six enumerated grounds Rule 60(b) sets forth.[2]  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. Int'l Broth. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (discussing Rule 60(b)).  Under Rule 60, "[t]he burden of proof is on the party seeking relief."  *Int'l Broth. of Teamsters*, 247 F.3d 391.  Mr. Booker does not

---

[2]     Specifically, a party seeking to obtain relief from a final judgment, order, or proceeding must show "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed.R.Civ.P. 60(b).

advance or meet any of the specific grounds in Rule 60(b) and has not identified any exceptional circumstances justifying relief. The court perceives no other reason that would justify the requested relief, and therefore, Mr. Booker's Motion for Reconsideration is denied.

II. **Objection to Stay Relief Motion**

The court assumes familiarity with the Decision, including the court's determination that U.S. Bank has standing to pursue the Stay Relief Motion against the Debtor's property located at 9 Sanford Street, West Haven, Connecticut. *See*, ECF No. 120, p. 12. As the basis for his Objection to the Stay Relief Motion, Mr. Booker relies on the Chapter 7 discharge he received in a prior bankruptcy case, Case No. 13-31035. ECF No. 128. Specifically, Mr. Booker contests the amount claimed by U.S. Bank as a secured claim.

A Chapter 7 bankruptcy discharge releases a debtor from personal liabilities but leaves untouched liens such as mortgages secured by the debtor's property. 11 U.S.C. §§ 506(d), 524(a)(1); *In re Rumbin*, 606 B.R. 31, 37 (Bankr. D. Conn. 2019). After a Chapter 7 discharge, a secured creditor may still proceed *in rem* against the property through, for example, a foreclosure action in state court, but cannot pursue the debtor personally for any deficiency. Here, to the extent Mr. Booker seeks to retain his residence securing a mortgage for which his personal liability has been discharged, Mr. Booker must provide for U.S. Bank's secured claim in his Chapter 13 plan.

Pursuant to 11 U.S.C. § 1322(b)(2), a Chapter 13 debtor cannot "reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence" under 11 U.S.C. § 506(a). *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 325–26 (1993).

In other words, a Chapter 13 debtor cannot divide a claim secured by a mortgage on the debtor's principal residence into its secured and unsecured amounts and then strip away the unsecured portion. *Cf. In re Pond*, 252 F.3d 122, 126 (2d Cir. 2001) (holding that a fully unsecured junior mortgage-holder "is not protected under the antimodification exception of Section 1322(b)(2)"); *Curwen v. Whiton*, 557 B.R. 39, 40–41 (D. Conn. 2016) (holding that a Chapter 13 debtor who is ineligible for discharge by virtue of a previous Chapter 7 discharge may void a *wholly unsecured, junior mortgage lien*); *In re Coyle*, 559 B.R. 25, 27 (Bankr. D. Conn. 2016) (holding that a claim secured by the debtor's principal residence and additional collateral at the time of the loan transaction can be modified under Section 1322(b)(2)). As relevant here, a Chapter 13 plan must provide for payments to cure any pre-petition arrearage for a mortgage secured only by the debtor's principal residence over a maximum term of sixty (60) months or the plan cannot be confirmed.[3] 11 U.S.C. §§ 1322(b)(2), 1325(a)(1), (5). In addition, a Chapter 13 plan must provide that the debtor will maintain current monthly payments under the mortgage for the sixty (60) month period. 11 U.S.C. § 1325(a)(5).

Here, it is undisputed that U.S. Bank's allowed claim of $591,534.11 exceeds the fair market value of the Debtor's property, determined by the state court to be $225,000.00. *See*, Proof of Claim No. 1-1; ECF 120, pp. 3, 8. In this sense, U.S. Bank's claim is undersecured. It is also undisputed that the property is Mr. Booker's principal residence, U.S. Bank holds the senior mortgage on the property, and Mr. Booker's principal residence is the only collateral securing U.S. Bank's claim. Therefore,

---

[3] During the evidentiary hearing on Mr. Booker's objection to U.S. Bank's proof of claim, Mr. Booker presented no evidence to challenge the amount claimed. Mr. Booker also did not present evidence showing there is other collateral securing the allowed claim of U.S. Bank.

4

modification of U.S. Bank's claim into secured and unsecured claims is unavailable to Mr. Booker. Mr. Booker's Chapter 7 discharge does not affect the amount of U.S. Bank's secured claim. Accordingly, Mr. Booker's Objection does not contain any basis upon which to deny the Stay Relief Motion.

The court previously entered an order extending Mr. Booker's time for filing an amended Chapter 13 plan through March 19, 2020. ECF No. 123. Because Mr. Booker could possibly propose a feasible Chapter 13 plan that provides for payment of U.S. Bank's allowed claim, the Stay Relief Motion will not be granted at this time. In light of the hearing scheduled for April 2, 2020, at 2:00 p.m. to consider the Chapter 13 Trustee's motion to dismiss, the court will schedule a status conference for the same date to discuss any Chapter 13 plan filed by Mr. Booker[4] and to consider U.S. Bank's Stay Relief Motion. For judicial efficiency, I find cause exists pursuant to 11 U.S.C. § 362(e)(2)(B)(ii) to extend the automatic stay through the date of the status conference.

### III. Conclusion

To the extent this Order denies Mr. Booker's Motion for Reconsideration, this is a final order subject to rights of appeal. *See*, *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, __ S.Ct. __, __, No. 18-938, 2020 WL 201023 at *2 (Jan. 14, 2020). The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. Fed.R.Bankr.P. 8002(a)(1).

**NOW THEREFORE**, it is hereby

---

[4] A hearing to consider confirmation of a Chapter 13 plan requires 28 days' notice to parties in interest. Fed.R.Bankr.P. 2002(b). As a result, the court will not consider plan confirmation during the April 2, 2020 hearing, but may consider whether the Stay Relief Motion should be granted.

**ORDERED:** That, to the extent ECF No. 128 and ECF No. 129 are motions to reconsider, ECF No. 128 and ECF No. 129 are **DENIED**; and it is further

**ORDERED:** That, to the extent ECF No. 128 and ECF No. 129 are objections to the Stay Relief Motion, ECF No. 128 and ECF No. 129 are **OVERRULED**; and it is further

**ORDERED:** That, on April 2, 2020, at 2:00 p.m., a status conference shall be held to address any amended Chapter 13 plan filed by Mr. Booker; and it is further

**ORDERED:** That, on April 2, 2020, at 2:00 p.m., a hearing shall be held to consider the Stay Relief Motion filed by U.S. Bank, ECF No. 83, in light of any amended Chapter 13 plan; and it is further

**ORDERED:** That, the automatic stay provided for in 11 U.S.C. § 362(a) shall remain in full force and effect through April 2, 2020.

Dated this 26th day of February, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut